UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
ROBERTO HERNANDEZ,

        Plaintiff,

    -against-

JOHN DOE,

        Defendant.
----------------------------------X

**MEMORANDUM & ORDER**
16-CV-2375 (KAM)(LB)

**MATSUMOTO, United States District Judge:**

    Plaintiff Roberto Hernandez brings this *pro se* action against a John Doe defendant, invoking federal question jurisdiction. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is GRANTED for purposes of the instant order. For the reasons provided below, this action is DISMISSED.

## BACKGROUND

    Plaintiff brings this action against a John Doe defendant alleging that he was the victim of identity theft and that this unknown "defendant willfully filed a false [tax] return claiming plaintiff's depend[e]nts within the meaning of 26 U.S.C. § 152."[1] (ECF No. 1, Complaint ("Compl.") at 6.[2]) Plaintiff explains that he "is bringing suit for enjoyment and interference

---

[1] 26 U.S.C. § 152 sets forth the definition of the term "dependent" under the Internal Revenue Code.

[2] Because plaintiff's complaint is drafted partially on a form and partially on blank sheets of attached paper, the court cites to individual pages in the complaint using the pagination provided by the electronic court filing system.

with his refund, obstruction, etc.," and is not seeking a refund from the Internal Revenue Service ("IRS"). (*Id.* at 8.) "Rather, he is asking John Doe to pay for all expenses caused for committing identity theft." (*Id.*) Plaintiff explains that he "incurred cost" to resolve the identity theft problem and also suffered "stress," "anxiety," and "complication of [his] diabetes." (*Id.* at 5.) Plaintiff attaches a letter from the IRS, dated April 5, 2016, which informs him, as relevant here, that

> [criminal] actors attempted to view your tax information using your personal information, including Social Security number (SSN), which they obtained from a source outside the IRS. . . . The use of your SSN in this instance wasn't successful, and our records indicate that a transcript of your account wasn't disclosed. This incident hasn't affected your tax return or tax account. However, because the attempt indicates that the third party who attempted to secure your tax information may have your personal information, you should take the appropriate steps to protect yourself from any potential effects of identity theft.

(*Id.* at 12.)

## **STANDARD OF REVIEW**

At the pleading stage of the proceeding, the court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-80 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face."

2

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Furthermore, it is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the court is required to read a *pro se* plaintiff's complaint liberally and interpret it to raise the strongest arguments it suggests. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Under 28 U.S.C. § 1915(e)(2)(B), however, a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

## **DISCUSSION**

Although plaintiff is proceeding *pro se*, and his complaint is held to less stringent standards than pleadings drafted by attorneys, *see Erickson*, 551 U.S. at 94, he still must establish that the court has subject matter jurisdiction over his action. *See, e.g.*, *Rene v. Citibank NA*, 32 F. Supp. 2d 539, 544 (E.D.N.Y. 1999) (dismissing *pro se* complaint for lack of subject matter jurisdiction). Lack of subject matter jurisdiction cannot be waived and may be raised at any time by a party or by the court *sua sponte*. *See Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation

to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."). If a court lacks subject matter jurisdiction, it must dismiss the action. *See* Fed. R. Civ. P. 12(h)(3); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006); *Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C. v. Dupont*, 565 F.3d 56, 62–63 (2d Cir. 2009).

The basic statutory grants of subject matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. "Federal subject matter jurisdiction exists only where the action presents a federal question, as provided in 28 U.S.C. § 1331, or where there is diversity jurisdiction, as authorized by 28 U.S.C. § 1332." *Igartua v. Dep't of Homeless Servs.*, Nos. 15-CV-3806, 15-CV-3807, 2015 WL 4656557, at *2 (E.D.N.Y. Aug. 5, 2015) (internal quotation marks and citations omitted). "The party invoking federal jurisdiction bears the burden of establishing that jurisdiction exists." *Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009) (internal quotation marks and citation omitted).

Even under the most liberal construction, plaintiff has presented no valid basis for this court's jurisdiction over his claims. It is "this Circuit's policy that it is for the IRS, and not private citizens, to enforce the Internal Revenue Code." *Obal*

4

*v. Deutsche Bank Nat'l Trust Co.*, No. 14-CV-2463, 2015 WL 631404, at *4 (S.D.N.Y. Feb. 13, 2015); *Seabury v. City of N.Y.*, No. 06-CV-1477, 2006 WL 1367396, at *5 (E.D.N.Y. May 18, 2006) ("Private citizens cannot enforce the provisions of the Tax Code. That is the duty of the Secretary of the Treasury and the Commissioner of the Internal Revenue Service, who are charged with the responsibility of administering and enforcing the Tax Code, including allegations of suspected fraud. *United States v. LaSalle Nat'l Bank*, 437 U.S. 298, 308 (1978). Federal courts have consistently refused to imply a private cause of action under the tax laws . . . ."). To the extent plaintiff seeks to invoke the federal identity theft statute, 18 U.S.C. § 1028, a criminal law, federal courts have held that 18 U.S.C. § 1028 is purely criminal in nature and creates no private right of action. *See Senese v. Hindle*, No. 11-CV-0072, 2011 WL 4536955, at *12 (E.D.N.Y. Sept. 9, 2011) (citing *Garay v. U.S. Bancorp*, 303 F. Supp. 2d 299, 302 (E.D.N.Y. 2004)).

Plaintiff's reliance on *Yousuf v. Samantar*, 451 F.3d 248, 257 (D.C. Cir. 2006), is misplaced. In *Yousuf*, the D.C. Circuit held that the United States government "is a 'person' subject to subpoena under [Fed. R. Civ. P.] 45 regardless whether it is a party to the underlying litigation." *Id*. Plaintiff appears

5

to contend that *Yousuf* would permit him to subpoena the IRS to discover the identity of the individual who obtained his identification information. (Compl. at 8.) Even if plaintiff were permitted to subpoena the IRS, it would be of no use to him because — as set out above — he has no private right of action to enforce the provisions of Internal Revenue Code.

## **CONCLUSION**

Accordingly, the complaint is dismissed. *See* Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1915(e)(2)(B). The court has considered whether to grant leave to amend the complaint, in light of its duty to liberally construe *pro se* complaints, but finds that amendment would be futile. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

If plaintiff believes he was the victim of a crime, he should contact the appropriate authorities.[3]

**SO ORDERED.**

Dated:    September 18, 2016
            Brooklyn, New York

                                              _____/s/_____
                                              Kiyo A. Matsumoto
                                              United States District Judge

---

[3] Thus, plaintiff may seek the assistance of federal law enforcement, for example, with agents of the IRS, the Social Security Administration, or the Federal Bureau of Investigation. He may also contact the City Bar Justice Center FedPro Clinic attorney to make an appointment for information, advice, and limited scope legal assistance free of charge. The court has annexed to this memorandum and order information regarding the clinic.