UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------X
ROBERTO HERNANDEZ,

        Plaintiff,          **MEMORANDUM AND ORDER**
                                   16-CV-2375 (KAM)(LB)

  -against-

JOHN DOE,

        Defendant.
-------------------------------X

**MATSUMOTO, United States District Judge**:

      On October 20, 2016, the plaintiff filed an "Order to Show Cause for Relief" and "Affidavit/Affirmation," requesting that the court "amend the judgment." (ECF No. 6 at 1.) The court liberally construes this request as a motion for reconsideration pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

## BACKGROUND

      Plaintiff Roberto Hernandez filed this *pro se* action on May 9, 2016, against a John Doe defendant alleging that defendant committed identity theft upon plaintiff, and sought relief from John Doe to pay all expenses caused by the identity theft. (ECF No. 1, Complaint ("Compl.") at 6-7.)[1] Plaintiff alleged that defendant filed a false tax return claiming plaintiff's dependents and causing plaintiff to incur costs to

---

[1] Because the electronic docket includes documents that are not paginated sequentially, pin citations included herein refer to the electronic document page number.

1

correct the harms done to him, along with anxiety and complications of his diabetes. *Id.* Plaintiff sought accountant fees required to file correct returns, along with damages and an injunction against defendant. *Id.* at 7. Plaintiff also noted that he sought a subpoena under Federal Rule of Civil Procedure 45 in order to determine John Doe defendant's identity. *Id.* at 8. By Memorandum and Order dated September 18, 2016, the court granted plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a), but dismissed the action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3) and 28 U.S.C. § 1915(e)(2)(B), because plaintiff presented no valid basis for this court's jurisdiction over his claims. (ECF No. 4, Memorandum and Order at 4.)

Plaintiff's October 20, 2016, submission seeks to amend the judgment dismissing his case and leave to subpoena the United States and an extension of time to appeal. On October 27, 2016, the court extended plaintiff's time to appeal to November 21, 2016. On November 2, 2016, the court granted plaintiff until November 21, 2016 to provide a memorandum in support of what the court construed to be his motion for reconsideration. Plaintiff has not filed any supporting documents at the time of this Memorandum and Order. After considering plaintiff's motion, causes of action, and the record, the court denies plaintiff's motion for reconsideration,

and finds that, even if the motion for reconsideration were granted, plaintiff's action would still be dismissed.

## DISCUSSION

### 1. Plaintiff's Motion

Plaintiff does not identify the rule pursuant to which he brings his motion for reconsideration, so it falls to this court to determine the appropriate standard. Motions for reconsideration may be brought pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure ("Rule" or "Rules") and 6.3 of the Local Rules for the United States District Courts for the Southern and Eastern Districts of New York ("Local Rule" or "Local Rules"). *Shearard v. Geithner,* No. 09-CV-0063, 2010 WL 2243414, at *1 (E.D.N.Y. May 30, 2010). Local Rule 6.3 provides that a notice of motion for reconsideration or reargument of a court order shall be served within 14 days after the entry of the judgment. *See* Local Rule 6.3. Rule 59(e) permits a party to seek reconsideration of a court's judgment so long as the party files its "motion to alter or amend a judgment . . . no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). If a motion for reconsideration is untimely under the Local Rules and under Rule 59(e), the court may treat it as a motion for reconsideration under Rule 60(b). *See Lora v. O'Heaney*, 602 F.3d 106, 111 (2d Cir. 2010) (treating an untimely

3

motion for reconsideration as having been filed under Rule 60(b)).

Judgment against plaintiff was entered on the docket on September 20, 2016. Plaintiff moved for reconsideration on October 20, 2016, 30 days after the entry of judgment. Therefore, the court may only consider this motion as a motion under Rule 60(b).

**2. Analysis**

The decision to grant or deny a motion for reconsideration "is within the sound discretion of the district court . . . and is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Mangino v. Inc. Vill. of Patchogue,* 814 F.Supp.2d 242, 247 (E.D.N.Y. 2011) (internal citations and quotation marks omitted); *see also Justice v. City of N.Y.*, No. 13-CV-4016, 2015 WL 4523154, at *1 (E.D.N.Y. July 27, 2015). Generally, a motion for reconsideration will be "denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *SBC 2010-1, LLC v. Morton,* Nos. 13-714, 13-1161, 2013 WL 6642410, at *1 (2d Cir. Dec. 18, 2013) (quoting *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)) (summary order); *see Massop v. U.S. Postal Service,* 493 F. App'x 231, 232

(2d Cir. 2012). It is "well-settled" that a motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal citation omitted); *see also Kruger v. Virgin Atl. Airways, Ltd.*, No. 11-CV-2954, 2013 WL 6795251, at *1 (E.D.N.Y. Dec. 23, 2013).

Plaintiff argues that his motion for reconsideration should proceed because he "does not seek any cause of action based on the Internal Revenue Code," but rather, his claims "are based on the New York State's common law of conversion . . . and other claims at common law (tortious interference with property, trespass of property, trover, etc)." (ECF No. 6-1 at 2.) In contrast, the original complaint stated the claim was brought for "[v]iolation of Title 26 by John Doe by committing identity theft on the filing of a return." (Compl. at 5.) Plaintiff fails to point to any additional authority or evidence that the court overlooked in dismissing his action. Plaintiff may not raise new claims in his motion for reconsideration, and the motion should be denied on that ground.

Nonetheless, because the court is cognizant that plaintiff is pursuing this action pro se, it now reconsiders its September 18, 2016, Memorandum and Order under plaintiff's

5

theory that the court mistakenly construed the Complaint to allege incorrect causes of action. The court finds that it does not have jurisdiction to adjudicate plaintiff's purported state law claims, nor does it have any basis to exercise supplemental jurisdiction over such claims, 28 U.S.C. §§ 1332, 1367, and would have to dismiss plaintiff's action even if reconsidered. For these reasons, upon reconsideration, the court will adhere to its original determination to dismiss plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2)(B).

## CONCLUSION

For the foregoing reasons, plaintiff's motion for reconsideration under Rule 60(b) is denied because the plaintiff's Complaint was appropriately dismissed. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully requested to serve a copy of this Memorandum and Order on plaintiff and note service on the docket.

**SO ORDERED.**

_____/s/_____
KIYO A. MATSUMOTO
United States District Judge

Dated:  Brooklyn, New York
        December 21, 2016